MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
MICHAEL H. RAICHELSON (SBN 174607)
michael.raichelson@balboacapital.com
BRIAN DA COSTA (SBN 342660)
brian.dacosta@balboacapital.com
BALBOA CAPITAL CORPORATION
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> RED ROOSTER TRUCKING, INC., an Illinois corporation; and MILOS MILIC, an individual; <br><br> Defendants. | Case No.: <br><br> **PLAINTIFF BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:** <br> 1. **BREACH OF EQUIPMENT FINANCING AGREEMENT** <br><br> 2. **BREACH OF GUARANTY** |

1

COMPLAINT

Plaintiff Balboa Capital Corporation, a California corporation ("Balboa" or "Plaintiff") alleges as follows:

## PARTIES AND JURISDICTION

1. Balboa is a corporation formed under the laws of the State of California, with its principal place of business in the County of Orange in the State of California.

2. Defendant RED ROOSTER TRUCKING, INC., ("RED ROOSTER") is, and at all times mentioned herein was, an Illinois corporation, doing business in the County of Cook, State of Illinois.

3. Defendant MILOS MILIC, an individual, ("MILIC") is, and at all times herein mentioned was an individual residing and/or doing business in the County of Dupage, State of Illinois.

4. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

5. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California *Civil Code* Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California *Civil Code* Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

6. Pursuant to the Equipment Financing Agreement and Guaranty described herein below, defendant RED ROOSTER and defendant MILIC agreed that the Equipment Financing Agreement would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commended, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

7. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

8. <u>Venue</u>. This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

## FIRST CLAIM

**(Breach of Equipment Financing Agreement Against Defendant RED ROOSTER)**

9. Balboa incorporates Paragraphs 1 through 8, inclusive, of the Preliminary Allegations herein as though set forth in full.

10. Prior to March 2022, BALBOA is informed and believes that Defendant RED ROOSTER initiated and engaged with DSK Logistics Inc., (hereinafter referred to as the "Equipment Vendor"), located at 5120 Belmont Rd, Ste T, Downers Grove, IL 60515, in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as "Collateral") for its business. Thereafter, the Equipment Vendor initiated and engaged with

3

COMPLAINT

Commercial Fleet Financing, Inc. (hereinafter referred to as the "Finance Broker"), with its principal place of business located at 1445 Mac Arthur Drive, Suite 216, Carrollton, TX 75007, in order to finance equipment, the Collateral for Defendant RED ROOSTER's business.

11. BALBOA is informed and believes, and therefore alleges, that the Finance Broker initiated and coordinated the submission of Defendants' electronic credit application to BALBOA and other financial institutions. Upon review, the Finance Broker concluded that BALBOA offered agreeable terms to finance the Collateral commensurate with Defendants' requirements. Thereafter, the Finance Broker accumulated and submitted to BALBOA the requisite signatories, documentation and financial information from the Defendants to finance the Collateral being supplied by the Equipment Vendor.

12. On or about March 25, 2022, Balboa executed and delivered to RED ROOSTER a certain written Equipment Financing Agreement No. 374314-001 ("EFA"), under the terms of which Balboa loaned Defendant RED ROOSTER the principal sum of one hundred sixty five thousand one hundred sixty six dollars and fifty nine cents ($165,166.59) in order to finance equipment for its business (the "Collateral"). The EFA required Defendant RED ROOSTER to make sixty (60) monthly payments of $3,440.00, payable on the twenty third day of each month, beginning May 23, 2022. A true and correct copy of the EFA is attached hereto as Exhibit "1" and incorporated herein by reference.

13. On or about May 23, 2022, Defendant RED ROOSTER breached the EFA by failing to make the monthly payment due on that date and, therefore, is due for the May 23, 2022 through April 23, 2023 monthly payments. As of the date of the filing of Balboa's Complaint, there became due the sum of $41,280.00.

Defendant RED ROOSTER's failure to make timely payments is a default under the terms of the EFA.

14. In accordance with the EFA, and as a proximate result of Defendant RED ROOSTER's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. In addition, pursuant to the EFA, Balboa is entitled to recover all accelerated payments due under the EFA. Therefore, there became due the sum of $165,120.01. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendant RED ROOSTER.

15. Additionally, the terms of the EFA provide that Defendant RED ROOSTER is liable to BALBOA for late charges on all payments not made in a timely manner. As of the date of the filing of BALBOA's Complaint, late charges in the sum of $412.80 are now due and owing.

16. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the EFA, except as excused or prevented by the conduct of Defendant RED ROOSTER.

17. As a proximate result of Defendant RED ROOSTER's breach of the EFA, Balboa has been damaged in the total sum of $206,812.81, plus interest at the rate of ten percent (10%) per annum from May 23, 2022, until the entry of judgment herein.

18. Under the terms of the EFA, Defendant RED ROOSTER promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs.

## SECOND CLAIM

### (Breach of Guaranty Against Defendant MILIC)

19. Balboa incorporates Paragraphs 1 through 18, inclusive, of the Complaint herein as though set forth in full.

20. Concurrent with the execution of the EFA, and to induce Balboa to enter the EFA with RED ROOSTER, MILIC guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty ("Guaranty") is attached hereto as Exhibit "2" and incorporated herein by reference.

21. Following a default by RED ROOSTER under the terms of the EFA, Balboa demanded that MILIC make the payments required under the EFA. Notwithstanding, MILIC failed to meet the guaranty obligations and make the payments required under the EFA.

22. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the EFA, except as excused or prevented by the conduct of MILIC.

23. Pursuant to the terms of the Guaranty, the sum of $206,812.81, plus interest at the rate of ten percent (10%) per annum from May 23, 2022, is due and payable to BALBOA from MILIC. This Complaint, in addition to previous demands, shall constitute demand upon MILIC to pay the entire indebtedness due and owing from RED ROOSTER to Balboa under the terms of the EFA.

24. Under the terms of the Guaranty, MILIC promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Balboa prays for Judgment against Defendants, and each of them, as follows:

1. For the total sum of $206,812.81, plus interest at the rate of ten percent (10%) per annum from May 23, 2022;

2. For charges and other fees and charges in an amount to be proven at trial;

3. For reasonable attorneys' fees and costs;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated: June 27, 2023            **BALBOA CAPITAL CORPORATION**

/s/ Michael H. Raichelson
By:
MARISA D. POULOS
MICHAEL H. RAICHELSON
BRIAN DA COSTA
Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION